**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:07-cr-00210-02

MARSHA ANN ADKINS,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On December 2, 2009, the Defendant, Marsha Ann Adkins, appeared in person and by counsel, Edward H. Weis, Assistant Federal Public Defender, for a hearing on the *Report of Offender Under Supervision* [Docket 73] and *Amendment to Violation Petition* [Docket 87] submitted by the Defendant's supervising probation officer.  The United States was represented at the hearing by John L. File, Assistant United States Attorney.  United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On May 29, 2008, the Defendant was sentenced to a term of imprisonment of sixteen months to be followed by a three year term of supervised release.  The Defendant began serving the term of supervised release on May 27, 2009.  On July 16, 2009 the *Report on Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.  On October 2, 2009 an *Amendment to Violation Petition* was filed charging the Defendant with violating additional conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Report* and *Amendment*, and that the evidence against the Defendant had been disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Report* and *Amendment*, specifically:

1.  <u>Violation of standard condition number 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.</u>  The offender was directed to verbally report to the United States Probation Officer the last week of each month, and submit a written monthly report within the first five days of each month; however, she failed to do so for June 2009.  The June report was received at the Probation Office on July 14, 2009.

2.  <u>Violation of standard condition number 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.</u> [Probation Officer Amy Berry-Richmond] re-alleges the conduct set forth in violation number one.  In addition, the offender was directed to notify [Officer Richmond] ten days prior to any change in residence or employment; however, she failed to notify [Officer Richmond] of her change in residence or her current address. The defendant's whereabouts [were] unknown.  The defendant also failed to respond to an appointment notice sent by the probation officer.

3.  <u>Violation of standard condition number 6: The defendant shall notify the probation officer within ten days prior to any change in residence or employment.</u> [Probation Officer Amy Berry-Richmond] re-alleges the conduct set forth in violation number two.  Ms. Adkins appear[ed] to have absconded supervision.

4.  <u>Violation of the Court's Order dated August 28, 2009, which modified the offender's term of supervised release by ordering the offender to, "continue to reside at Pine haven Homeless Shelter in Beckley, West Virginia, until other suitable living arrangements can be made.  No alternative living arrangements may be made without the Probation Officer's knowledge and approval."</u>  Ms. Adkins voluntarily left Pine Haven Homeless Shelter on September 4, 2009, without permission of [her] probation officer.  The offender's whereabouts [were] unknown to [her] probation officer.

5.  <u>Violation of standard condition number 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five</u>

2

days of each month. Ms. Adkins failed to verbally report to [her] probation officer the last week of August 2009; furthermore, the offender failed to submit a written monthly report for August 2009.

6.    <u>Violation of standard condition number 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.</u> [Probation Officer Richmond] re-alleges the conduct in violation number four. In addition, the offender was directed to notify [Officer Richmond] ten days prior to any change in residence or employment; however, she failed to notify [Officer Richmond] of her change in residence when she left Pine Haven Homeless Shelter on September 4, 2009.

Ms. Adkins was terminated from her employment with McDonald's Restaurant after working only one day, September 25, 2009; however, she failed to notify [Officer Richmond] of her change in employment status. Ms. Adkins was directed to submit to random urinalysis at Pyramid Counseling on Harper Road, Beckley, West Virginia. The offender failed to submit a urine specimen on September 9 and 21, 2009.

In making these findings, the Court relied upon the information contained in the *Report* and *Amendment* and the Defendant's statement that she does not dispute the violations contained in the *Report* and *Amendment.*

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **SIX MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. Upon release from prison, the Defendant shall be placed on supervised release for a term of **THIRTY MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply

3

with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.  In addition to the above conditions, the Defendant shall also submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        December 4, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE